AMENDED COMPLAINT

Pellegrini & Mendoza LLP
250 Park Ave., 7th Floor
New York, New York 10177
Enrico A. Pellegrini, Esq. (SDNY EP0571)
epellegrini@pellmen.com

*Attorneys for Plaintiff*
*Entsorgafin S.p.A.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

ENTSORGAFIN S.P.A.,

Plaintiff,

                                                    Case No. CV22-1559

v.                                AMENDED COMPLAINT

                                                    Honorable Judge LEWIS J. LIMAN, U.S.D.J.

ENTSORGA WEST VIRGINIA, LLC,

Defendant.

## AMENDED COMPLAINT

Plaintiff Entsorgafin S.p.A. ("**Plaintiff**") by its attorneys files this Amended Complaint against Defendant Entsorga West Virginia, LLC ("**Defendant**") and alleges as follows:

### NATURE OF THE ACTION

1. This is a breach of contract action arising from Defendant's failure to make contractually mandated principal and interest payments on a series of promissory notes containing substantially identical terms (except for differences in the maturity date and, in one case, the principal amount) issued pursuant to a Settlement Agreement dated as of May 7, 2021 (the

1

"**Settlement Agreement**"), between Plaintiff and Defendant (all such notes issued as part of the Settlement Agreement, the "**Notes**"). A true and correct copy of the Settlement Agreement is annexed hereto as <u>Exhibit A</u>. True and correct copies of each of the Notes presently outstanding are annexed hereto as <u>Exhibits B-1</u> through <u>B-23</u>.

2. Plaintiff seeks payment of all unpaid principal, together with any accrued and unpaid interest on the Notes, and all other amounts, including court costs and reasonable attorneys' fees that are payable pursuant to the terms of the Settlement Agreement and the Notes.

## THE PARTIES

3. Plaintiff Entsorgafin S.p.A. is a corporation incorporated and existing under the laws of the Republic of Italy, with its registered office located at Strada Provinciale per Castelnuovo Siria, 7/9, 15057 Tortona (AL), Italy.

4. Defendant Entsorga West Virginia, LLC is a limited liability company formed and existing under the Limited Liability Company Act of the State of Delaware with an office located at 119 Recovery Way, Martinsburg, WV 25405.

## JURISDICTION AND VENUE

5. This Court has personal jurisdiction over Defendant and over the matters alleged in this action, because, in the Settlement Agreement and in the Notes, Defendant submitted to the exclusive jurisdiction of the "United States District Court, Southern District of New York" and has waived all objections to jurisdiction and venue. <u>Exhibit A</u> (Settlement Agreement) § 13.1 and <u>Exhibits B-1</u> through <u>B-23</u> (Notes) § 11.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. The Plaintiff is a corporation incorporated and existing under the laws of the Republic of Italy, with its principal place of business in Italy. Upon information and belief, the Defendant is a limited liability company formed and existing under the Limited Liability Company Act of the State of Delaware, with its principal place of business in West Virginia. Upon information and belief, the members of Defendant are: (i) Apple Valley Waste Technologies,

LLC, a limited liability company formed and existing under the Limited Liability Company Act of the State of Delaware, with its principal place of business in West Virginia; (ii) Entsorga USA Inc., a corporation incorporated under the laws of the State of Delaware with its principal place of business in Illinois; and (iii) Chemtex International Inc., a dissolved (or in dissolution) corporation incorporated under the laws of the State of Delaware with its last known principal place of business located in North Carolina. Upon information and belief, the sole member of Apple Valley Waste Technologies, LLC is Renovare Environmental, Inc., a corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of New York. Therefore, there is complete diversity of citizenship between Plaintiff and Defendant (including between Plaintiff and all of Defendant's limited liability members) in this case. The amount in dispute in this action, exclusive of interest and costs, exceeds the sum of $75,000. Therefore, this Court has jurisdiction over this dispute under 28 U.S.C. §1332.

7. Venue in this district is proper under 28 U.S.C. § 1391(b)(3) because the parties agreed that this Court "is the proper venue of this action" Exhibit A (Settlement Agreement) § 13.1 and waived all objections to such jurisdiction and venue Exhibits B-1 through B-23 (Notes) § 11.

## FACTS

8. On May 27, 2021, Defendant issued twenty-five (25) Notes to Plaintiff pursuant to the Settlement Agreement. Out of such twenty-five (25) Notes, Defendant paid the first two (2) Notes maturing on September 1, 2021 and October 1, 2021, respectively. Presently, Plaintiff is the holder of twenty-three (23) Notes issued by Defendant that remain outstanding, of which (i) twenty-two (22) Notes are each in the principal amount of $41,725.00, maturing successively on a monthly basis on the first day of each month commencing on November 1, 2021 until April 1, 2023, or earlier in case of an Event of Default (as such term is defined in the Settlement Agreement and in the Notes) and (ii) one Note is issued by Defendant in the principal amount of $253,295.96 maturing on August 1, 2023 or earlier in case of an Event of Default. As of the date of this Amended Complaint, the unpaid aggregate principal balance of all of the Notes issued by Defendant to Plaintiff is $1,171,245.96.

9. Defendant was required to pay the principal amount due under each Note on the maturity date of such Note, as per the payment plan provided under the Settlement Agreement. Beginning on November 1, 2021, and for the subsequent months of December 2021 through July 2022, Defendant has failed to make the payments required under the Notes, and has made no further payments since that time.

10. Each Note provides that failure to pay shall constitute an Event of Default, and specifically when: "The Company shall fail to pay when due any principal payment on the Maturity Date hereunder, and such payment shall not have been made within five (5) Business Days after having received written notice thereof from the Holder." Exhibits B-1 through B-23 (Notes) § 3(a). Plaintiff [the Holder] has provided various written notices to Defendant [the Company] of the Company's failure to pay as required Exhibit C. However, the Company did not cure any of the above Events of Default and made no additional payment.

11. Each Note also provides that the failure to make any payment when due under any of the other Notes then outstanding shall constitute an Event of Default under each of the other Notes. Exhibits B-1 through B-23 (Notes) § 3(b). Upon the occurrence of an Event of Default, Plaintiff has the right to accelerate any outstanding amount due under the Settlement Agreement and the Notes, which amounts become immediately due. To that effect the Notes provide that "upon the occurrence or existence of any Event of Default and at any time thereafter during the continuance of such Event of Default, the Holder [Plaintiff] may declare all outstanding principal due under this Note and any outstanding Note issued under the Settlement Agreement payable by the Company [Defendant] hereunder to be immediately due and payable without presentment, demand, protest or any other notice of any kind, all of which are hereby expressly waived." Exhibits B-1 through B-23 (Notes) § 4(a).

12. On January 28, 2022, Plaintiff delivered to Defendant a reiterated Notice of Event of Default through its counsel (Exhibit D) setting forth the remedies to which Plaintiff is entitled under the Settlement Agreement in case of an Event of Default. However, Defendant did not pay any of the amounts due and outstanding in whole or in part.

# FIRST CLAIM FOR RELIEF

**(Against Defendant For Breach of Contract on the Notes)**

13. The Plaintiff realleges and incorporates by reference its allegations to Paragraphs 1 through 12.

14. Beginning on November 1, 2021, Defendant has failed to make the payments required under the terms of the Notes.

15. Plaintiff duly and repeatedly notified in writing the above breaches of the terms of the Notes to Defendant which, however, continued to fail to make any and all payments of the outstanding amounts due. Therefore, Defendant has breached the terms of the Notes and such breach has remained uncured.

16. Upon the occurrence or existence of any Event of Default and at any time thereafter during the continuance of such Event of Default, Plaintiff (as Holder of the Notes) has the right to, and may declare immediately due (i) all outstanding principal amounts under each Note that remains outstanding, (ii) and any other amount due under the Settlement Agreement as represented by a Note. Exhibits B-1 through B-23 (Notes) § 4(a).

17. To that effect Plaintiff has exercised such right to accelerate and has declared that the following amounts are immediately due: (i) any unpaid portion of any Note, including the Last Four Promissory Notes (as defined in the Settlement Agreement § 7.10) representing an aggregate amount of $917,950.00; and (ii) the amount due under the Discount Promissory Note (as defined in the Settlement Agreement § 7.10) representing an amount of $253,295.96.

18. In addition, in case of an Event of Default, the following amounts shall be immediately due: (i) interest at a default rate of one percent (1%) per month on the amounts due. Exhibits B-1 through B-23 (Notes) § 4(b); and (ii) collection expenses (which shall include reasonable attorneys' fees and expenses). Exhibits B-1 through B-23 (Notes) § 10.

19. As a result of Defendant's breaches, Defendant owes to Plaintiff the outstanding aggregate principal amount of $1,171,245.96, plus accrued and unpaid interest, prejudgment interest, collection expenses (including reasonable attorneys' fees and expenses), and all other amounts that are playable under the terms of the Settlement Agreement and the Notes.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment against Defendant, granting Plaintiff the following relief:

a) The entry of judgment in favor of the Plaintiff awarding a money judgment against Defendant in an amount to be determined at trial, but not less than $1,171,245.96, together with any accrued and unpaid interest, prejudgment interest, and all other amounts that are payable under the terms of the Settlement Agreement and the Notes;

b) The award of all costs of the suit, prejudgment interest, attorney's fees; and

c) Such other relief as the Court deems just and proper.

Dated: July 15, 2022

                                                Respectfully submitted,
                                                PELLEGRINI & MENDOZA LLP

                                                /s/ Enrico A. Pellegrini
                                                Enrico A. Pellegrini (SDNY Bar No. EP0571)
                                                PELLEGRINI & MENDOZA LLP
                                                250 Park Ave., 7th Floor
                                                New York, New York 10177
                                                Telephone: +1-212-739-9480
                                                Facsimile: +1-212-739-9607
                                                Email: epellegrini@pellmen.com

                                                *Attorneys for Plaintiff*
                                                *Entsorgafin S.p.A.*

# EXHIBIT A
# Settlement Agreement

**EXHIBIT B-1 THROUGH B-23**

**Notes Outstanding**

# EXHIBIT C

**Notices of Event of Default**

# EXHIBIT D

**Additional Notice of Event of Default**