UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X


ENTSORGAFIN S.P.A.                                          **ECF CASE**
                          Plaintiff,
                                                           **22-cv-1559-LJL**

        v.

ENTSORGA WEST VIRGINIA, LLC,

                          Defendant.

------------------------------------------------------------X



**PLAINTIFF ENTSORGAFIN'S MEMORANDUM OF LAW**
**IN SUPPORT OF ITS MOTIONS FOR SUMMARY JUDGMENT**


                              PELLEGRINI & MENDOZA LLP
                              250 Park Avenue, 7th Floor
                              New York, New York 10177
                              (212) 739- 9480

# Table of Contents

**Page**

**Table of Authorities** ............................................................................................... iv

**Preliminary Statement** ............................................................................................... 1

**Statement of Undisputed Material Facts** ............................................................. 5

    A.   The Parties ............................................................................................ 5

    B.   Jurisdiction and Venue ......................................................................... 5

    C.   Settlement of a Prior Dispute ............................................................... 7

    D.   The Notes and the Settlement Agreement ........................................... 7

        1.   Validity ....................................................................................... 7

        2.   Defendant Payment Obligations ................................................ 8

        3.   Remedies upon Event of Default ............................................... 9

        4.   Costs and Fees .......................................................................... 9

        5.   Defendants Admitted Default ..................................................... 9

        6.   Calculation of the Amounts owed by Defendant ....................... 10

**Argument** ................................................................................................................. 11

    PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT AGAINST
    DEFENDANT BECAUSE THERE IS NO GENUINE ISSUE AS TO
    ANY MATERIAL FACT ..................................................................... 11

    A.   The Motion for Summary Judgment .................................................. 11

        1.   The Standard .............................................................................. 11

        2.   No Genuine Dispute as to any Material Fact ............................. 13

    B.   Enforcement of the Notes is Independent to the Settlement
        Agreement ........................................................................................... 15

        1.   The Summary Judgment Standard for Enforcement of Promissory
            Notes ........................................................................................... 15

2.    Execution of the Notes and Failure to Make Payment ...................................16

3.    Damages ........................................................................................17

C.   Defendant's Conduct ........................................................................17

**Conclusion** ........................................................................................18

**Page**

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d
142 (1970) .................................................................................................11

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91
L.Ed.2d 202 (1986) ..................................................................................12

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d
265 (1986) ............................................................................................11, 12

*D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir.1998))....................11

*First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 290, 88 S.Ct. 1575,
20 L.Ed.2d 569 (1968) .............................................................................12

*Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir.2003) ...................13

*Holtz v. KMI–Continental, Inc.*, 95 F.3d 123, 128 (2d Cir.1996).....................11

*Holtz v. Rockefeller Co., Inc.*, 258 F.3d 62 (2d Cir. 2001) ...............................13

*Jamaica Ash & Rubbish Removal Co. v. Ferguson,* 85 F.Supp.2d 174, 180
(E.D.N.Y.2000) .........................................................................................12

*L.B. Foster Co. v. Am. Piles, Inc.*, 138 F.3d 81, 87 (2d Cir.1998)...................11

*Marks v. New York Univ.*, 61 F.Supp.2d 81, 88 (S.D.N.Y.1999) ....................13

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106
S.Ct. 1348, 89 L.Ed.2d 538 (1986) .........................................................11

*Orix Credit Alliance, Inc. v. Bell Realty, Inc.*, No. 93 Civ 4949, 1995 WL
505891, at *3 (S.D.N.Y. Aug.23, 1995)...................................................16

*Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir.1998).......................................11

*Smith v. Menifee*, No. 00 Civ 2521(DC), 2002 U.S. Dist. LEXIS 4943, at *9,
2002 WL 461514 (S.D.N.Y. Mar. 25, 2002)............................................12

*Sterling Nat'l Bank & Trust Co. v. Fidelity Mortgage Investors,* 510 F.2d 870
(2d Cir.1975) .............................................................................................16

*Vt. Teddy Bear Co., Inc. v. 1–800 Beargram Co.,* 373 F.3d 241, 244 (2d
Cir.2004).....................................................................................................13

*Zerafa v. Montefiore Hosp. Hous. Co.*, 403 F.Supp.2d 320, 329 n. 12
  (S.D.N.Y.2005) ................................................................................................13

*Walker v. Darby,* 911 F.2d 1573, 1577 (11th Cir. 1990) ...................................12

**Statutes And Court Rules**

Local Civil Rule 56.1 of the U.S. District Court Southern District of New
  York ................................................................................................................13

Local Civil Rule 56.1(a) of the U.S. District Court Southern District of New
  York ................................................................................................................13

Local Civil Rule 56.1(c) of the U.S. District Court Southern District of New
  York ................................................................................................................13

Fed. R. Civ. P. 56 ...................................................................................................13

Fed. R. Civ. P. 56(c) ..............................................................................................11

Fed. R. Civ. P. 56(e)(2) ..........................................................................................11

Fed.R.Civ.P. 56(c)(1)(A) and (B) ..........................................................................12

Plaintiff Entsorgafin S.p.A. ("**Entsorgafin**" or "**Plaintiff**") respectfully submits this memorandum of law in support of its motion pursuant to Fed. R. Civ. P. 56, for summary judgment against defendant Entsorga West Virginia, LLC ("**EWV**" or "**Defendant**", and together with Plaintiff, the "**Parties**") for all amounts due under certain promissory notes issued pursuant to a Settlement Agreement (as defined below), which equal to no less than $1,171,245.96 plus interest and attorneys' fees, minus any additional payment made by Defendant.

### Preliminary Statement

The Parties entered into a certain settlement agreement dated as of May 7, 2021 (the "**Settlement Agreement**" (Ex. 3))[1] and agreed to settle a prior dispute for a total amount of $1,001,400.00 (the "**Total Settled Amount**") to be paid by Defendant to Plaintiff in equal monthly installments pursuant to an agreed payment plan set forth in the Settlement Agreement ((Ex. 3) ¶6.1). Such payment plan required Defendant to pay $41,725 per month beginning on September 1, 2021 and continuing on the first day of each month until full payment of the Total Settled Amount ((Ex. 3) ¶6.3) (the "**Payment Plan**").

In addition, pursuant to the Settlement Agreement and provided that Defendant made its payments timely under the Payment Plan ((Ex. 3) ¶6.3), Plaintiff agreed to waive certain amounts due under the prior dispute amounting to $253,295.96 (the "**Total Discounted Amount**") and Defendant agreed to evidence the Total Discounted Amount in a separate similar promissory note issued by Defendant (the "**Discount Promissory**

---

[1] Citations to "Ex." refer to exhibits to the accompanying declaration of Enrico A. Pellegrini, Esq. in support of this motion ("**Decl.**").

**Note**" and collectively with the notes evidencing the Total Settled Amount, the "**Notes**") and delivered to Plaintiff to be held by Plaintiff in a constructive trust.

Further, absent an Event of Default (as defined in the Settlement Agreement ((Ex. 3) ¶10.1) and in the Notes ((Ex. 4) through (26) ¶3(a)) and subject to certain conditions, Plaintiff agreed to waive enforcement of the last four (4) promissory notes forming part of the Payment Plan (the "**Last Four Promissory Notes**"). Pending the occurrence of an Event of Default, the Last Four Promissory Notes were also to be held by Plaintiff in a constructive trust.

However, if an Event of Default occurred, (*i*) the Discount Promissory Note and the Last Four Promissory Notes would be automatically released from such constructive trust and be deemed to have been unconditionally delivered to Plaintiff, for which Defendant expressly conferred to Plaintiff an irrevocable power of attorney coupled with an interest for the delivery of the Discount Promissory Note and the Last Four Promissory Notes to Plaintiff ((Ex. 3) ¶6.6 and ¶7.10), and (*ii*) the Total Settled Amount (minus any amounts then already paid), and any amounts due under the Discount Promissory Note and the Last Four Promissory Notes would become immediately due and payable ((Ex. 3) ¶10.3(a)).

Each Note provides that failure to pay shall constitute an Event of Default ((Ex. 4 through (26) ¶3(a)). Each Note also provides that the failure to make any payment when due under any of the other Notes then outstanding shall constitute an Event of Default under each of the other Notes ((Ex. 4) through (26) ¶3(b)). To that effect the Notes provide that, upon the occurrence of any Event of Default, Plaintiff may accelerate all amounts due under the Notes and declare all outstanding principal due under any

outstanding Note to be immediately due and payable by the Company ((Ex. 4) through (26) ¶4(a)).

Unfortunately, once again, Defendant did not live up to the agreements made and materially breached the terms of the Settlement Agreement and defaulted under the Notes, including by failing to make the payments due under the Notes starting on November 1, 2022.[2] Plaintiff delivered to Defendant reiterated Notices of Event of Default directly and through its counsel ((Ex. 27) through (30)). However, Defendant failed to comply.

As demonstrated in this memorandum, Plaintiff is entitled to a judgment against Defendant for all sums due under the Notes.

Defendant admitted that it has validly issued and delivered the Notes to Plaintiff and that it has failed to make the payments due under the Notes in its Answer to the Complaint ((Docket No. 14) ¶¶8, 9, 10, 11, 14, 16, 17 and 18). Consistent with this admission, Defendant's indirect controlling member, Renovare Environmental, Inc. ("**Renovare**") has disclosed in its publicly available regulatory disclosure that its controlled subsidiary has validly issued and delivered the Notes, recognized and consolidated such liability in its consolidated financial statements, and admitted having failed to make payments under the Notes when such payments became due ((Ex. 32), page 11)[3].

---

[2] By way of background, Defendant materially breached various terms of the Settlement Agreement, and materially breached the terms of other agreements between Plaintiff and Defendant, including the New Services Agreement. However, this action seeks only the enforcement of the Notes and of the payment of all sums due thereunder.

[3] See Renovare Environmental, Inc.'s Annual Report dated April 15, 2022 on Form 10-K and filed with the U.S. Securities and Exchange Commission, page 11: "EWV has also defaulted on scheduled

The manner for the calculation of the amounts owed by Defendant to Plaintiff is clear, unambiguous and is set forth in the Notes, as well as in the Settlement Agreement. As stated above, in case of an Event of Default, under the Settlement Agreement, Plaintiff is entitled to recover: (i) the Total Discounted Amount due under the Discount Promissory Note, plus (ii) all unpaid Installment Amounts due under the Notes, including the Last Four Promissory Notes ((Ex. 3) ¶10.3(a)), plus (iii) a default interest on said amounts at a rate of 1% per month, and plus (iv) collection expenses (which shall include reasonable attorneys' fees and expenses) ((Ex. 3) ¶6.5). Similarly, under the Notes, in case of an Event of Default, Plaintiff is entitled to accelerate all outstanding principal under all outstanding Notes ((Ex. 4) through (26) ¶4(a)), plus interest on such outstanding amounts at the Default Rate of 1% per month ((Ex. 4) through (26) ¶4(b)), plus all costs and expenses (including reasonable attorneys' fees) incurred in any collection action ((Ex. 4) through (26) ¶10).

Therefore, in case of an Event of Default, the amount to be paid by Defendant is $1,001,400.00 (the Total Settled Amount), plus $253,295.96 (the Total Discounted Amount), for a total amount of $1,254,695.96 minus any amounts paid by Defendant, which as of the date of this Motion for Summary Judgment amount to $83,450.00 ((Ex. 31) ¶15). To that effect, Plaintiff is at least entitled to $1,171,245.96 plus interest, attorneys' fees and other collection expenses. Pursuant to the Settlement Agreement, such payments are to be applied first to costs and expenses (including attorneys' fees and costs) incurred by the Plaintiff, and second to the payment of all other amounts owed to the Plaintiff under the Settlement Agreement ((Ex. 3) ¶10.3(b)).

payments to a junior unsecured series of notes from EntsorgaFin S.p.A, ("EFin") a minority member of EWV, amounting to $1,254,696 as of December 31, 2021 which is classified as a current liability."

<h1 style="text-align: center">Statement of Undisputed Material Facts</h1>

**A.     The Parties**

Plaintiff Entsorgafin S.p.A. is a corporation incorporated and existing under the laws of the Republic of Italy, with its registered office located at Strada Provinciale per Castelnuovo Siria, 7/9, 15057 Tortona (AL), Italy ((Ex. 31) ¶2).

Defendant Entsorga West Virginia, LLC is a limited liability company formed and existing under the Limited Liability Company Act of the State of Delaware with an office located at 119 Recovery Way, Martinsburg, WV 25405 ((Ex. 2) ¶4 and (Ex. 1) ¶4).

**B.     Jurisdiction and Venue**

This Court has personal jurisdiction over Defendant and over the matters alleged in this action, because, in the Settlement Agreement and in the Notes, Defendant submitted to the exclusive jurisdiction of the "United States District Court, Southern District of New York" and has waived all objections to jurisdiction and venue ((Ex. 4) through (26) ¶ 11 and (Ex. 3) ¶13.1).

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. The Plaintiff is a corporation incorporated and existing under the laws of the Republic of Italy, with its principal place of business in Italy.

In its Answer to the Complaint (Docket No. 14), Defendant admits to being a limited liability company formed and existing under the Limited Liability Company Act of the State of Delaware, with its principal place of business in West Virginia ((Ex. 2) ¶4 and (Ex. 1) ¶4).

Upon information and belief, the members of Defendant are:[4] (i) Apple Valley Waste Technologies, LLC, a limited liability company formed and existing under the Limited Liability Company Act of the State of Delaware, with its principal place of business in West Virginia; (ii) Entsorga USA Inc., a corporation incorporated under the laws of the State of Delaware with its principal place of business in Illinois; and (iii) Chemtex International Inc., a dissolved (or in dissolution) corporation incorporated under the laws of the State of Delaware with its last known principal place of business located in North Carolina. Upon information and belief, the sole member of Apple Valley Waste Technologies, LLC is Renovare Environmental, Inc., a corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of New York.

Therefore, there is complete diversity of citizenship between Plaintiff and Defendant (including between Plaintiff and all of Defendant's limited liability members) in this case. The amount in dispute in this action, exclusive of interest and costs, exceeds the sum of $75,000. Therefore, this Court has jurisdiction over this dispute under 28 U.S.C. §1332.

Venue in this district is proper under 28 U.S.C. § 1391(b)(3) because the Parties agreed that this Court "is the proper venue of this action" ((Ex. 3) ¶13.1) and waived all objections to such jurisdiction and venue ((Ex. 4) through (26) ¶11).

Moreover, in its Answer to the Complaint (Docket No. 2) Defendant did not challenge jurisdiction or venue ((Ex. 2) ¶5, 6 and 7).

---

[4] As stated hereinafter, Defendant never responded to the First Set of Interrogatories, which were meant to confirm this information.

**C.**    **Settlement of a Prior Dispute**

This lawsuit arose from the material breach of the payment obligations under the Notes, which were issued as part of the Settlement Agreement entered into by the Parties to settle a prior dispute. By way of background, the Parties were parties to a License Agreement and a Services Agreement both dated August 8, 2017, pursuant to which Plaintiff would provide to Defendant certain technology and certain services, to be used in the construction of a commercial facility owned and operated by Defendant in Martinsburg, West Virginia for the production of solid recovered fuel (the "**Plant**"). The Parties were also parties to a Business Services Agreement dated March 9, 2016 ("**Old Business Services Agreement**"), pursuant to which Plaintiff would provide to Defendant certain technical support services related to the Plant. Finally, pursuant to a related Supply Agreement dated August 8, 2017, Entsorga Italia S.p.A. (Entsorgafin's wholly owned subsidiary) ("**Entsorga Italia**") supplied certain machinery and equipment to be incorporated into the Plant. In order to settle a certain dispute arising from the aforementioned agreements, the Parties entered into the Settlement Agreement pursuant to which Defendant issued and delivered the Notes to Plaintiff.

**D.**    **The Notes and the Settlement Agreement**

**1.**    **Validity**

In its Answer to the Complaint (Docket No. 2), Defendant expressly and repeatedly admits to having executed the Settlement Agreement and the Notes ((Docket No. 2) ¶¶1, 5, 7, 8, 9, 10, 11, 14, 16, 17, and 18). This admission is consistent with the public regulatory disclosures and the consolidated financial statements of Renovare, Defendant's controlling member ((Ex. 32) see *Liquidity and Capital Resources*[4] (page 10

and 11), *Risks Specific to Our Business, We may not be able to continue as a going concern*[5] (page 13), *Item 3: Legal Proceedings*[6] (page 23)). At no time has Defendant contested the validity of the Notes.

The Parties were each independently represented by counsel during the negotiation and execution of the agreements set forth in the Settlement Agreement, including the Notes, and participated jointly in the drafting of same ((Ex. 3) ¶14.8). The Parties represented that the resolutions embodied in the Settlement Agreement (which also set forth the terms of the Notes and provide a copy of same) are fair and reasonable ((Ex. 3) ¶14.8). Defendant offered extensive representations and warranties regarding the validity of the Settlement Agreement (which, as mentioned, sets forth the terms of the Notes and provides a copy of same), including under Section 11 ((Ex. 3) ¶11). The Parties have waived the application of any law, holding or rule of construction providing that ambiguities in an agreement will be construed against the party drafting such agreement or document ((Ex. 3) ¶14.8).

## 2. Defendant Payment Obligations

Defendant agreed to pay $41,725 per month beginning on September 1, 2021 and continuing on the first day of each month until full payment of all amounts due ((Ex. 3) ¶6.3), each such payment being evidenced in a separate promissory note having a principal amount of $41,725 ((Ex. 3) ¶6.6). In addition, in case of an Event of Default, both under the Settlement Agreement ((Ex. 3) ¶10.3(a)) and the Notes ((Ex. 4) through

---

[5] "EWV has also defaulted on scheduled payments to a junior unsecured series of notes from EntsorgaFin S.p.A, ("EFin"), a minority member of EWV, amounting to $1,254,696 as of December 31, 2021 which is classified as a current liability."

[6] "On May 19, 2021 the Company signed an agreement, effective May 7, 2021, settling this matter through the issuance of notes payable as described in Note 11. On November 1, 2021, the Company failed to repay a note then due."

(26) ¶4(a)), Defendant agreed to pay to Plaintiff also the Discount Promissory Note representing the Total Discounted Amount of $253,295.96 and the Last Four Promissory Notes.

### 3.     Remedies upon Event of Default

If Defendant fails to make any payment under the Notes when such payment becomes due, and such failure to pay is not cured within five business days from receiving notice thereof ((Ex. 3) ¶10.2 and (Ex. 4) through (26) ¶3(a)), Plaintiff is entitled to the remedies set forth under Section 10 of the Settlement Agreement ((Ex. 3) ¶10) and under Section 4 of the Notes ((Ex. 4) through (26) ¶4).

Upon the occurrence of an Event of Default all outstanding amounts due under the Notes shall become immediately due and payable by Defendant ((Ex. 4) through (26) ¶4(a)).

### 4.     Costs and fees

Plaintiff is entitled to recover all costs and expenses (including reasonable attorneys' fees) incurred in any collection action as set forth in the Notes ((Ex. 4) through (26) ¶10) and the Settlement Agreement ((Ex. 3) ¶6.5).

### 5.     Defendant Admitted Default

Defendant admitted to defaulting under the Notes in its Answer to the Complaint ((Ex. 2) ¶14 and (Ex. 1) ¶14).  Similarly, Renovare has also disclosed in its publicly available regulatory disclosure that its controlled subsidiary has failed to make payments under the Notes when such payments became due ((Ex. 32) see *Liquidity and Capital Resources*[6] (page 10 and 11), *Risks Specific to Our Business, We may not be able to*

*continue as a going concern*[7] (page 13), *Item 3: Legal Proceedings*[8] (page 23)).

**6.      Calculation of the Amounts owed by Defendant.**

The manner for the calculation of the amounts owed by Defendant to Plaintiff is clearly and unambiguously set forth in the Notes, as well as in the Settlement Agreement. If an Event of Default occurs, Plaintiff is entitled to accelerate all outstanding principal due under all outstanding Notes ((Ex. 4) through (26) ¶4(a)), plus interest on such outstanding amounts at the Default Rate of 1% per month ((Ex. 4) through (26) ¶4(b)), plus all costs and expenses (including reasonable attorneys' fees) incurred in any collection action ((Ex. 4) through (26) ¶10).[9]

Therefore, in case of an Event of Default, the amount to be paid by Defendant is $1,001,400.00 (the Total Settled Amount), plus $253,295.96 (the Total Discounted Amount), for a total amount of $1,254,695.96, minus any amounts paid by Defendant, which prior to the date of this Motion for Summary Judgment, amounted to $83,450.00 ((Ex. 31) ¶15). To that effect, Plaintiff is at least entitled to $1,171,245.96 plus interest, attorneys' fees and other collection expenses.

Pursuant to the Settlement Agreement, payments received by Plaintiff from Defendant under the Notes are to be applied first to costs and expenses (including attorneys' fees and costs) incurred by the Plaintiff, and second to the payment of all other amounts owed to the Plaintiff under the Settlement Agreement ((Ex. 3) ¶10.3(b)) .

---

[7]   Idem.

[8]   Idem.

[9]   The Notes are consistent with the Settlement Agreement pursuant to which in case of an Event of Default, Plaintiff is entitled to recover: (i) the Total Discounted Amount, plus (ii) all unpaid Installment Amounts under the Payment Plan, including the Last Four Promissory Notes ((Ex. 3) ¶10.3(a)), plus (iii) a default interest on said amounts at a rate of 1% per month, and plus (iv) collection expenses (which shall include reasonable attorneys' fees and expenses) ((Ex. 3) ¶6.5).

**Argument**

**ENTSORGAFIN IS ENTITLED TO SUMMARY JUDGMENT AGAINST
DEFENDANT EWV BECAUSE THERE IS NO GENUINE ISSUE AS TO ANY
MATERIAL FACT**

**A.     The Motion for Summary Judgment**

**1.     The Standard**

Under Fed. R. Civ. P. 56(c), a motion for summary judgment shall be granted if

the movant shows that "there is no genuine issue as to any material fact and that the

movant is entitled to judgment as a matter of law." See also *Celotex Corp. v. Catrett*, 477

U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Holtz v. KMI–Continental,

Inc.*, 95 F.3d 123, 128 (2d Cir.1996). The moving party bears the burden of showing that

no genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157,

90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Accordingly, the Court must "view the evidence

in the light most favorable to the party against whom summary judgment is sought and

must draw all reasonable inferences in his favor." *L.B. Foster Co. v. Am. Piles, Inc.*, 138

F.3d 81, 87 (2d Cir.1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475

U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)).

After the movant has met its burden of proof under Rule 56(a), the burden of

proof shifts; and the nonmoving party "must do more than simply show that there is some

metaphysical doubt as to the material facts." *Matsushita Electronic Industrial Co. v.

Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).  The party opposing summary judgment

"may not rely merely on allegations or denials in its own pleading," but "must ... set out

specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). This means that

"[t]he non-moving party may not rely on conclusory allegations or unsubstantiated

speculation," *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir.1998) (citing *D'Amico v. City*

11

*of New York*, 132 F.3d 145, 149 (2d Cir.1998)), but, rather, must present "significant probative evidence tending to support the complaint." *Smith v. Menifee*, No. 00 Civ. 2521(DC), 2002 U.S. Dist. LEXIS 4943, at *9, 2002 WL 461514 (S.D.N.Y. Mar. 25, 2002) (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 290, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (citations omitted).

"A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1)(A) and (B). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990). "Rather, there must exist 'specific facts showing that there is a genuine issue for trial' in order to deny summary judgment as to a particular claim." *Jamaica Ash & Rubbish Removal Co. v. Ferguson*, 85 F.Supp.2d 174, 180 (E.D.N.Y.2000) (quoting *Celotex*, 477 U.S. at 322. If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

A moving party may obtain summary judgment by demonstrating that little or no evidence may be found in support of the non-moving party's case. "When no rational jury could find in favor of the nonmoving party because the evidence to support its case

is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper." *Marks v. New York Univ.*, 61 F.Supp.2d 81, 88 (S.D.N.Y.1999).

Under this Court's rules, a party moving for summary judgment under Fed. R. Civ. P. 56 must submit "a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." Local Civil Rule 56.1(a). If the opposing party fails to respond to the moving party's Local Civil Rule 56.1 Statement, then the material facts contained in the moving party's statement are deemed admitted as a matter of law. *See Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir.2003); see also Local Civil Rule 56.1(c) ("Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party."). "The purpose of Local Rule 56.1 is to streamline the consideration of summary judgment motions by freeing the district courts from the need to hunt through voluminous records without guidance from the parties." *Holtz*, 258 F.3d at 74. Local Civil Rule 56.1, however, does not relieve the party seeking summary judgment of the burden of establishing that it is entitled to judgment as a matter of law. Thus, the Court may not rely solely on the statement of undisputed facts contained in the moving party's Local Civil Rule 56.1 statement; it also must be satisfied that the moving party's assertions are supported by the record. See *Vt. Teddy Bear Co.*, 373 F.3d at 244; see also *Holtz*, 258 F.3d at 74; *Zerafa v. Montefiore Hosp. Hous. Co.*, 403 F.Supp.2d 320, 329 n. 12 (S.D.N.Y.2005).

**2.      No Genuine Dispute as to any Material Fact**

The above standard for a motion for summary judgment is satisfied because, in the present case, there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Defendant's obligations and the damages resulting from a breach thereof are all clearly and unambiguously documented in the Notes and the Settlement Agreement, which agreements were the product of extensive negotiations between the Parties as assisted by their counsels. All of the material obligations in the Notes are for Defendant to perform. They consist in payment obligations of a sum certain, unconditional and tied to a payment schedule agreed to by Defendant.

Defendant has not made, and cannot make, a showing that a genuine dispute as to any material fact exists and the unsubstantiated and indeterminate nature of its defenses in its Answer to the Complaint do not raise any material fact relevant to this matter (Ex. 2). Defendant in its Answer to the Complaint did not point to any specific facts which would deny Plaintiff's right to summary judgment, and in fact failed to articulate any fact that would support any type of defense, legal argument, reasoning or basis for a denial of summary judgment.

In addition, Defendant did not respond to Plaintiff's Amended Complaint.

Further, Defendant – following its counsel's withdrawal and contrary to the public statements made by its controlling member Renovare,[10] has shown no interest in actively litigating this matter, and has ignored the deadlines set forth by the Court in the Case

---

[10] See Renovare's Annual Report dated April 15, 2022 on Form 10-K and filed with the U.S. Securities and Exchange Commission, page 23, Item 3: Legal Proceedings: "The notes amount to $1,254,696, reflecting the effect of the default. On February 25, 2022 EFin filed a complaint in the United States District Court for the Southern District of New York seeking repayment of the notes payable. The Company is defending the claims and does not believe that the outcome will have a material impact on the financial statements of the Company."

Management Plan (*e.g.*, Defendant failed to respond to Plaintiff's First Set of Interrogatories, did not make the required Initial Disclosures, etc.). Finally, to Plaintiff's knowledge, Defendant has not retained a new counsel in more than two months, and therefore has not been represented by legal counsel for an extensive period of time.

**B.     Enforcement of the Notes is Independent to the Settlement Agreement**

The present lawsuit is brought to enforce the terms of the Notes, which were issued pursuant to the Settlement Agreement but are, and remain, standalone obligations independent from such Settlement Agreement.   For completeness, we have at times referred to similar provisions in both the Notes and the Settlement Agreement with the intention of showing that while the Notes remain enforceable by themselves, without reference to the Settlement Agreement or any other agreement or instrument, the provisions of the Settlement Agreement are consistent with, and not contradictory to, the provisions contained in the Notes.   The Notes represent instruments for the payment of money only.   Defendant's, as the maker of the Notes, only obligation under the Notes was to pay the specific amount set forth in each Note on the corresponding due date. Plaintiff had under the Settlement Agreement, subject to certain conditions and the absence of an Event of Default, agreed to forego and waive the enforcement of the Last Four Promissory Notes and the Discount Promissory Note.   However, given the occurrence of the Event of Default, none of such waivers or agreements to forego enforcement are relevant or applicable.

**1.     The Summary Judgment Standard for Enforcement of Promissory Notes:**

In cases involving promissory notes, this Court has held that "a plaintiff establishes its prima facie entitlement to summary judgment by establishing the execution

of the agreements at issue and nonpayment thereunder." *Orix Credit Alliance, Inc. v. Bell Realty, Inc.*, No. 93 Civ. 4949, 1995 WL 505891, at *3 (S.D.N.Y. Aug.23, 1995); see also *Sterling Nat'l Bank & Trust Co. v. Fidelity Mortgage Investors*, 510 F.2d 870 (2d Cir.1975) (summary judgment on note appropriate where no disputed issue of fact existed with respect to execution or non-payment).

As set forth above, Defendant is required to make certain monthly payments pursuant to an agreed upon schedule as specifically set forth in the due date for each Note. Defendant's payment obligations are unambiguously and unconditionally spelled out in each of the Notes. All of Defendant's payment obligations are of a sum certain, unconditional and to be made on the specific Maturity Date (as defined in each Note) set forth in each Note. Pursuant to each of the Notes under the Payment Plan, Defendant was required to pay \$41,725 per month beginning on September 1, 2021 and continuing on the first day of each month until full payment had been made ((Ex. 4) through (25) ¶4(a)), and in addition, in case of an Event of Default, Defendant was required to pay to Plaintiff the Total Discounted Amount of \$253,295.96 evidenced by the Discount Promissory Note ((Ex. 26) ¶4(a)).

## 2.     Execution of the Notes and Failure to Make Payment

It is undisputed that Defendant issued and executed the Notes and has failed to make required payments due under said Notes. In fact, Defendant has expressly admitted issuing the Notes and defaulting on its payment obligations thereunder ((Docket No. 2) ¶¶1, 5, 7, 8, 9, 10, 11, 14, 16, 17, and 18).

3.    **Damages**

The manner for the calculation of the amounts owed by Defendant to Plaintiff is clear and unambiguous, and is set forth in the Notes.[11]   As stated above, under the Notes, in case an Event of Default occurs, Plaintiff is entitled to accelerate all outstanding principal under all outstanding Notes ((Ex. 4) through (26) ¶4(a)), plus interest on such outstanding amounts at the Default Rate of 1% per month ((Ex. 4) through (26) ¶4(b)), plus all costs and expenses (including reasonable attorneys' fees) incurred in any collection action ((Ex. 4) through (26) ¶10).

Therefore, as also set forth in the Settlement Agreement, in case of an Event of Default, the amount to be paid by Defendant is $1,001,400.00 (the Total Settled Amount), plus $253,295.96 (the Total Discounted Amount), for a total amount of $1,254,695.96 minus any amounts paid by Defendant which, prior to this Motion for Summary Judgment, amounted to $83,450.00 ((Ex. 31) ¶15). To that effect, Plaintiff is at least entitled to $1,171,245.96 plus interest, attorneys' fees and other collection expenses.

**C.    Defendants' Conduct**

We respectfully submit that Defendant has been conducting a frivolous and costly litigation and the Court should consider granting any additional remedies just and equitable under the circumstances. At all times, Defendant has known that it cannot make a showing that a genuine dispute as to any material fact exists, and the unsubstantiated and indeterminate nature of its defenses represent an implicit admission to this effect in Defendant's Answer to the Complaint ((Ex. 2)).   Defendant, in its Answer to the Complaint, did not point to any specific facts which would deny Plaintiff's right to

---

[11] And the terms of the Notes in this respect are consistent with the terms of the Settlement Agreement.

summary judgment, and in fact failed to articulate any type of defense, legal argument, reasoning or basis which would support such denial.

In addition, Defendant did not respond to Plaintiff's Amended Complaint.

Finally, Defendant – following its counsel withdrawal in June 2022– has shown no interest in actively litigating this matter, and has ignored the deadlines set forth by the Court in the Case Management Plan (*e.g.*, Defendant did not respond to Plaintiff's First Set of Interrogatories and did not deliver its required Initial Disclosures). Further, to Plaintiff's knowledge, Defendant has not retained a new counsel in more than two months, and therefore has chosen not to be represented by legal counsel for an extensive period of time.

## Conclusion

For the foregoing reasons, Plaintiff's motion for summary judgment against Defendant for all amounts due under the Notes equal to at least $1,171,245.96 plus interest and attorneys' fees attorneys' fees and other collection expenses.

Dated: New York, New York
      September 23, 2022

**PELLEGRINI & MENDOZA LLP**

By: /s/ Enrico A. Pellegrini

_____
Enrico A. Pellegrini (EP4609)

250 Park Avenue, 7th Floor
New York, New York 10177
(212) 739- 9480
