```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
ENTSORGAFIN S.P.A.,                                              :
                                                                 :
                                    Plaintiff,                   :
                                                                 :        22-cv-1559 (LJL)
                -v-                                              :
                                                                 :        OPINION AND ORDER
ENTSORGA WEST VIRGINIA, LLC,                                     :
                                                                 :
                                    Defendant.                   :
                                                                 :
-----------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

Plaintiff Entsorgafin S.P.A. ("Plaintiff") brings this unopposed motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56, on its claim of breach of contract against Defendant Entsorga West Virginia, LLC ("Defendant"). Dkt. No. 33.

## BACKGROUND

The following facts are taken from Plaintiff's Rule 56.1 Statement of Material Facts Pursuant to Local Civil Rule 56.1 ("Rule 56.1 Statement"), Dkt. No. 33-1, and the documents referenced to therein, and are assumed to be undisputed for purposes of this motion.

Plaintiff is a corporation incorporated and existing under the laws of the Republic of Italy. Dkt. No. 33-1 ¶ 1. Defendant Entsorga West Virginia, LLC ("Defendant") is a limited liability company formed and existing under the laws of the State of Delaware. *Id.* ¶ 2.[1]

On May 7, 2021, Plaintiff and Defendant entered into a Settlement Agreement (the "Settlement Agreement") to resolve a prior dispute between the parties arising out of a licensing

---

[1] The amended complaint alleges, upon information and belief, that each of the members of the Defendant is a citizen of the United States. Dkt. No. 32 ¶ 6. Accordingly, the Court has diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(2) (granting federal district courts diversity jurisdiction over suits between citizens of a State and Citizens or subjects of a foreign state).

agreement and business services agreement between Plaintiff and Defendant and a supply agreement between a subsidiary of Plaintiff and Defendant. Dkt. No. 33-1 ¶ 3; Dkt. No. 34-6 ¶¶ 1.1–3.4.[2] The Settlement Agreement provided for Defendant to make payments to Plaintiff totaling $1,001,400 (the "Total Settled Amount") to be paid pursuant to an agreed payment plan. Dkt. No. 34-6 ¶ 6.1. The payment plan required Defendant to pay $41,725 per month for 24 months beginning on September 1, 2021, and continuing on the first day of each month until full payment of the Total Settled Amount was received by Plaintiff. *Id.* ¶ 6.3. The Settlement Agreement required Defendant to deliver to Plaintiff on the effective date of the Settlement Agreement, twenty promissory notes in the amount of $41,725 each and having sequentially monthly maturity dates commencing on September 1, 2021, up to April 1, 2023 (the "Initial Promissory Notes"), evidencing the first 20 (of 24) installments due under the Payment Plan. *Id.* ¶ 6.6. The following four installment payments also were evidenced by promissory notes, in the same amounts (the "Last Four Promissory Notes," and with the "Initial Promissory Notes," the "Notes"). *Id.* ¶ 7.10; *see also* Dkt. Nos. 34-25, 34-26, 34-27, 34-38. In addition, Plaintiff was to hold in a constructive trust commencing on the Effective Date an additional promissory note in the amount of $253,295.96 (the "Discount Promissory Note" or the "Total Discounted Amount"), reflecting a discount Plaintiff was prepared to make to Defendant provided that Defendant made timely payment on the Notes and no Event of Default occurred. Dkt. No. 34-6 ¶ 6.6. If an Event of Default occurred, the Discount Promissory Note was to be delivered to

---

[2] The Settlement Agreement contains a choice of forum clause specifying that the United States District Court for the Southern District of New York has exclusive jurisdiction to enforce the agreement and a choice of law provision specifying that the agreement is to be "construed in accordance with the internal laws of the State of New York, without regard to conflict of law principles that would result in the application of any law other than the laws of the State of New York." *Id.* ¶¶ 13.1, 13.2.

Plaintiff with interest. *Id*. Absent an Event of Default, upon Plaintiff's receipt of the final payment of the Total Settled Amount, the Discount Promissory Note was to be cancelled. *Id.* ¶ 6.6.

The Settlement Agreement included as an Event of Default the failure of Defendant "to pay in full any Installment Amount when due on its corresponding Payment Date." *Id.* ¶ 10.1.a. Defendant was given five days to cure an Event of Default. *Id.* ¶ 10.2. If Defendant failed to cure, then Plaintiff could avail itself of the rights and remedies under the Settlement Agreement, *id*., including the right to accelerate Defendant's obligations under the Settlement Agreement and to declare immediately due any payment provided for under the Settlement Agreement, including the Total Outstanding Amount,[3] any amounts due pursuant to the Last Four Promissory Notes and the Discount Promissory Notes, and any amounts due under the New Business Services Agreement, *id.* ¶ 10.3(a).

Each of the Notes contains substantially identical terms and conditions except for the maturity date and, in one case, the principal amount. *See* Dkt. Nos. 34-7 to 34-29. Each was issued on May 7, 2021. *Id*. Each, with the exception of the Discount Promissory Note, contains the promise by Defendant to pay to Plaintiff the sum of $41,725 on demand on the earlier to occur of the maturity date of the Note, when such amounts are declared due and payable by Plaintiff as the Holder upon or after the occurrence of an Event of Default, or in the event of a Company Capital Transaction or Sale of the Company. Each refers to all of the series of Notes issued pursuant to the Settlement Agreement as of May 7, 2021, as the "Notes." Each defines as an Event of Default the failure of Defendant "to pay when due any principal payment on the

---

[3] The Total Outstanding Amount is defined as the sum of the Total Discounted Amount and the Total Settled Amount. *Id.* ¶ 6.2.

3

Maturity Date," with "such payment . . . not hav[ing] been made within five . . . business days after having received written notice . . . from the Holder." *See*, *e.g.*, Dkt. No. 34-28 ¶ 3(a). Each also contains a "Cross Default" provision stating that the occurrence of the following constitutes an Event of Default: "The Company shall have failed to make any payment when due under any of the other Notes then outstanding, and such payment shall not have been made within five (5) Business Days after having received written notice thereof from the Holder." *Id.* ¶ 3(b). Upon the occurrence of an Event of Default, Plaintiff has the right to "declare all outstanding principal due under the Note and any outstanding Note issued under the Settlement Agreement payable by the Company hereunder to be immediately due and payable." *Id.* ¶ 4(a). If an amount is not paid when due, or upon maturity, then Plaintiff has the right to interest at the Default Rate until all amounts due and outstanding are paid in full. *Id.* ¶ 4(b). The Default Rate is defined as one percent per month.[4] *Id.* ¶ 1(c).

Following execution of the Settlement Agreement and delivery of the Notes, Defendant made payments to Plaintiff on the first two Notes, each in the amount of $41,725, for a total of $83,450. Dkt. No. 33-1 ¶ 16. Beginning on November 1, 2021, Defendant failed to make the payments required under the terms of the Notes, giving rise to an Event of Default under the Notes and the Settlement Agreement. *Id.* ¶ 13. Commencing on November 30, 2021, through February 2022, Plaintiff directly and through its counsel, delivered multiple notices of Events of Default to Defendant, including its notice of acceleration of all amounts due under the Notes. *Id.* ¶ 14. Defendant has not cured any Event of Default. *Id.* ¶ 15.

---

[4] The Notes contain a choice of forum provision, specifying that the United States District Court for the Southern District of New York has exclusive jurisdiction, a consent to jurisdiction clause, and an agreement that the Notes "shall be construed and interpreted pursuant to the laws of the State of New York without consideration to its choice of law provisions or of any other state." *Id.* ¶ 11.

## PROCEDURAL HISTORY

Plaintiff brought this action on February 25, 2022, claiming breach of the Notes and seeking payment of all unpaid principal, together with any accrued and unpaid interest on the Notes and all other amounts, including court costs and reasonable attorneys' fees payable pursuant to the terms of the Settlement Agreement and the Notes. Dkt. No. 1. Defendant filed a notice of appearance on April 15, 2022, Dkt. No. 7, and answered on May 20, 2022, Dkt. No. 14.[5] On July 15, 2022, Plaintiff filed an amended complaint to replead certain jurisdictional facts. Dkt. No. 32.

On September 23, 2022, Plaintiff filed this motion for summary judgment with the Rule 56.1 Statement, an affirmation in support and a memorandum of law in support. Dkt. Nos. 33–35. Defendant has not responded or appointed successor counsel. Dkt. No. 36. By docket entry of December 13, 2022, the Court indicated that it would address the pending motion for summary judgment as unopposed.

## DISCUSSION

Under Federal Rule of Civil Procedure 56, a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'material' for these purposes if it 'might affect the outcome of the suit under the governing law,'" while "[a]n issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for

---

[5] Defendant's counsel moved to withdraw in June 2022. Dkt. Nos. 22, 26. The Court granted that motion in the same Order in which it set the deadline for the motion for summary judgment. Dkt. No. 30. At a conference on June 24, 2022, with counsel for both Plaintiff and Defendant, and with a principal of Defendant also present, the Court specifically advised Defendant of the requirement that it retain counsel in order to appear and be heard and that "there will be consequences if the defendant does not appear in court in through counsel," Tr. 10. The Court also advised Defendant's principal of the services available through the legal clinic at the courthouse run by the New York Legal Assistance Group. *Id.*

the nonmoving party.'" *Konikoff v. Prudential Ins. Co. of Am.*, 234 F.3d 92, 97 (2d Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  In determining whether there are any genuine issues of material fact, the Court must view all facts "in the light most favorable to the non-moving party," *Holtz*, 258 F.3d at 69, and the movant bears the burden of demonstrating that "no genuine issue of material fact exists," *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002) (citations omitted).  If the movant meets its burden, "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008).  The standards are identical regardless of whether the non-moving party has submitted an opposition to the motion.  A court must "examin[e] the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)).  "If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied even if no opposing evidentiary material is presented." *Id.* (citation and emphasis omitted).

"Actions for recovery on a promissory note are appropriately decided by motion for summary judgment." *Camofi Master LDC v. Coll. P'ship, Inc.*, 452 F. Supp. 2d 462, 470 (S.D.N.Y. 2006).  "'In an action based on notes and guarant[ees], a plaintiff establishes its *prima facie* entitlement to summary judgment by establishing the execution of the agreements at issue and nonpayment thereunder.'" *United States v. Ceana, Inc.*, 422 F. Supp. 3d 678, 681 (E.D.N.Y. 2016) (quoting *Orix Credit Alliance, Inc. v. Bell Realty, Inc.*, 1995 WL 505891, at *3 (S.D.N.Y. Aug. 23, 1995)).  "Once the noteholder has established its *prima facie* case, the defendant's only

6

way to avoid summary judgment is to demonstrate the 'existence of a triable issue of fact in the form of a bona fide defense against the note.'" *Dresser-Rand Co. v. Petroleos de Venezuela, S.A.*, 439 F. Supp. 3d 270, 273 (S.D.N.Y. 2020), *aff'd sub nom. Dresser-Rand Co. v. Pdvsa Petroleo, S.A.*, 2021 WL 2878936 (2d Cir. July 9, 2021) (quoting *Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Keenan*, 2005 WL 736233, at *1 (S.D.N.Y. Mar. 31, 2005)).

There is no dispute that Defendant executed the Settlement Agreement and agreed to pay a total of $1,001,400 through monthly installments pursuant to the payment plan set forth in the Notes and the Settlement Agreement. Dkt. No. 33-1 ¶ 3. Defendant was also represented by counsel during the negotiations and execution of the Settlement Agreement and the Notes. *Id.* ¶ 4. Defendant has admitted to having validly issued and delivered the Notes to Plaintiff. *Id.* ¶ 10; *see also* Dkt. No. 34-5. There is no dispute as to those facts. There also is no dispute as to the terms of the Notes, or that, beginning on November 1, 2021, Defendant failed to make the payments required under those terms and that such failure to make payments constitutes an Event of Default under both the Settlement Agreement and the Notes. Dkt. No. 33-1 ¶ 13. Moreover, Defendant has not proffered any bona fide defense to the Notes and none is apparent from the record. There is no dispute that Plaintiff delivered multiple notices of the Event of Default to Defendant and that Defendant has not cured any of the Defaults. *Id.* ¶¶ 14–15. Accordingly, Plaintiff is entitled to summary judgment as to liability.

With respect to damages, Plaintiff is entitled to payment of the Total Settled Amount of $1,001,400 plus the Total Discounted Amount of $253,295.96 for an aggregate sum of $1,254,695.96 less the amount of $83,450 already paid to Plaintiff prior to the occurrence of the Events of Default, for a total of $1,171,245.96. *Id.* ¶¶ 20–21. Plaintiff also is entitled to interest at the Default Rate of 1% per month on amounts not paid when due. Dkt. No. 34-28 ¶ 1(c).

Payment on the third, fourth, and fifth Notes was due respectively on November 1, 2021, December 1, 2021, and January 1, 2022. Interest at the 1% interest rate runs from those dates. On January 28, 2022, Plaintiff declared an Event of Default and demanded payment under all the remaining Notes. Dkt. No. 34-33. Accordingly, interest on the remaining sums runs from that date. Finally, under Section 10 of the Notes, Plaintiff ifs entitled to "reasonable attorneys' fees and costs" incurred in any action to collect on the Notes. *See*, *e.g.*, Dkt. No. 34-7 § 10. Plaintiff, however, has not submitted any evidence with respect to attorneys' fees or interest. Accordingly, the Court does not grant summary judgment as to damages. Plaintiff shall submit a motion for summary judgment as to damages setting forth the amounts of interest and attorneys' fees and costs to which it believes it is entitled, accompanied by a Rule 56.1 statement and a contemporaneous billing records, within two weeks of the date of this Opinion and Order. Defendant shall have two weeks thereafter to respond. If Defendant does not respond, the Court will treat the motion as unopposed.

## CONCLUSION

The motion for summary judgment is GRANTED as to liability. Plaintiff is directed to submit a motion for summary judgment, as described by this opinion, as to its damages concerning the amount of interest and attorneys' fees and costs by April 27, 2023.

The Clerk is respectfully directed to close Dkt. No. 33.

SO ORDERED.

Dated: April 13, 2023
New York, New York

LEWIS J. LIMAN
United States District Judge