UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X


ENTSORGAFIN S.P.A.                                          **ECF CASE**
                                    Plaintiff,
                                                            **22-cv-1559  (LJL)**

        v.


ENTSORGA WEST VIRGINIA, LLC,

                                    Defendant.

---------------------------------------------------------------X



**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION**
**FOR SUMMARY JUDGMENT FOR DETERMINATION OF DAMAGES**


                                    PELLEGRINI & MENDOZA LLP
                                    250 Park Avenue, 7th Floor
                                    New York, New York 10177
                                    (212) 739- 9480

**Table of Contents**

**Page**

**Table of Authorities** ............................................................................................. iii

**INTRODUCTION** ...................................................................................................1

**HISTORY AND BACKGROUND OF THE ACTION** ..........................................2

**STATEMENT OF MATERIAL FACTS** .................................................................2

**ARGUMENT** ...........................................................................................................6

    A.   Plaintiff is Entitled to an Award of the Principal, as well as Interest
           at the Default Rate ..........................................................................................6

    B.   Plaintiff is Entitled to an Award for Attorney's Fees and Costs.........................8

          (a)  Plaintiff is the Prevailing Party ................................................................10

          (b)  The requested hourly rates are reasonable .................................................12

          (c)  The hours expended are reasonable...........................................................14

          (d)  Summary table...........................................................................................16

          (e)  Plaintiff's costs are reasonable and ordinary............................................16

    C.   The Court Should Enter Final Judgment ..........................................................17

**CONCLUSION** ......................................................................................................17

## Table of Authorities

**Page**

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*
522 F.3d 182, 190 (2d Cir. 2008) ..........................................................................8, 12

*Millea v. Metro-North R.R.*
658 F.3d 154, 166 (2d Cir. 2011) ..............................................................................8, 9

*Chambless v. Masters, Mates & Pilots Pension Plan*
885 F.2d 1053, 1058–59 (2d Cir. 1989) .........................................................................8

*Blum v. Stenson*
465 U.S. 886, 896 n.11 (1984) .......................................................................................8

*Ortiz v. City of New York*
843 F. App'x 355, 359 (2d Cir. 2021).............................................................................8

*Lilly v. City of New York*
934 F.3d 222, 230 (2d Cir. 2019) ............................................................................8, 10

*C.D. v. Minisink Valley Cent. Sch. Dist.*
2018 WL 3769972, at *4 (S.D.N.Y. Aug. 9, 2018) .......................................................9

*E.F. ex rel. N.R. v. N.Y. City Dep't of Educ.*
2014 WL 1092847, at * 3 (S.D.N.Y. Mar. 17, 2014).....................................................9

*C.B. v. N.Y. City Dep't of Educ.*
2019 WL 3162177, at *5 (S.D.N.Y. July 2, 2019).........................................................9

*Grant v. Martinez*
973 F.2d 96, 101–02 (2d Cir. 1992) ..............................................................................9

*Morales v. Stalwart Grp. Inc.*
20-cv-3950 (LJL), 2021 U.S. Dist. LEXIS 160906 at *11; 2021 WL
3774145 (S.D.N.Y., Aug. 24, 2021)...............................................................................9

*Johnson v. Georgia Highway Express, Inc.*
488 F.2d 714 (5th Cir. 1974) .........................................................................................9

*Gisbrecht v. Barnhart*
535 U.S. 789, 801, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002) ..................................10

*M.H. v. New York City Dep't of Educ.*, 20-cv-1923 (LJL)
2021 U.S. Dist. LEXIS 190419 at *21-*22, 2021 WL 4804031 (S.D.N.Y.
Oct. 1, 2021)..................................................................................................................10

*Angulo v. 36th St. Hospitality LLC*
No. 19 Civ. 5075 (GBD) (SLC), 2020 U.S. Dist. LEXIS 137816 at *43,
2020 WL 4938188 (S.D.N.Y. July 31, 2020)............................................................10

*Hines v. City of Albany*
862 F.3d 215, 223 (2d Cir. 2017) .............................................................................10

*Knox v. John Varvatos Enters.*
520 F. Supp. 3d 331, 339 (S.D.N.Y. 2021) ..............................................................10

*Makinen v. City of N.Y.*
No. 11-cv-07535 (ALC) (AJP), 2016 U.S. Dist. LEXIS 49293 at *5, 2016
WL 1451543 (S.D.N.Y. Apr. 12, 2016) .....................................................................12

*Farbotko v. Clinton County*
433 F.3d 204, 208 (2d Cir. 2005) .............................................................................12

*Reiter v. MTA N.Y. City Transit Auth.*
457 F.3d 224, 232 (2d Cir. 2006) .............................................................................12

*VFS Financing, Inc v. Pioneer Aviation, L.L.C. et al,*
No. 08-cv-07655 (GBD) (S.D.N.Y December 14, 2022) ...........................................12

*Vilkhu v. City of N.Y.*
No. 06-CV-2095, 2009 WL 1851019 at *6, 9 (E.D.N.Y. June 26, 2009).................12

*Abdell v. City of New York*
No. 05-CV-8453 (RJS), 2015 U.S. Dist. LEXIS 25510, *10, 2015 WL
898974 (S.D.N.Y. Mar. 2, 2015)...............................................................................12

*Vista Outdoor, Inc. v. Reeves Family Trust*
No. 16 Civ. 5766, 2018 U.S. Dist. LEXIS 102224 (S.D.N.Y. May 24,
2018)..........................................................................................................................12

*Villalta v. JS Barkats, P.L.L.C.*
No. 16-CV-2772 (RA) (RWL), 2021 U.S. Dist. LEXIS 75071, at *57,
2021 WL 2458699 (S.D.N.Y. Apr. 16, 2021) ...........................................................13

*Elmrharri v. Marriott Int'l, Inc.*
No. 20-cv-0325 (LJL), 2020 U.S. Dist. LEXIS 160350 at *3, 2020 WL
5236956 (S.D.N.Y. Sept. 2, 2020) ...........................................................................14

*Morales v. Stalwart Grp. Inc.*
No. 20-cv-3959 (LJL), 2021 U.S. Dist. LEXIS 160906, *11, 2021 WL
3774145 (S.D.N.Y. Aug. 24, 2021)......................................................................14, 16

*Barbecho v. Matrat LLC*
No. 15 CV 00170-LTS, 2021 U.S. Dist. LEXIS 163808, *8, 2021 WL
3862662 (S.D.N.Y. Aug. 30, 2021)..............................................................14

*New York State Ass'n for Retarded Children, Inc. v. Carey*
711 F.2d 1136, 1148 (2d Cir. 1983) ...........................................................15

*Tarax v. Blossom West Inc.*
No. 19-cv-6228, 2022 U.S. Dist. LEXIS 106108, at *7- 8, 2022 WL
2132749 (S.D.N.Y. June 14, 2022) .............................................................16

*U.S. Football League v. National Football League*
887 F.2d 408, 416 (2d Cir. 1989) ...............................................................16

*Mori v. Saito*
No. 10-cv-6465 (KBF), 2014 U.S. Dist. LEXIS 106007, at *10-11, 2014
WL 3812326 (S.D.N.Y. Aug. 1, 2014) ........................................................17

**Statutes And Court Rules**

Local Civil Rule 56.1 of the U.S. District Court Southern District of New
York..................................................................................................................1

28 U.S.C. § 1961(a) ...............................................................................................17

28 U.S.C. § 1961(b) ...............................................................................................17

Plaintiff Entsorgafin S.p.A. ("**Entsorgafin**" or "**Plaintiff**") respectfully submits this memorandum of law in support of its motion pursuant to Fed. R. Civ. P. 56, for summary judgment against defendant Entsorga West Virginia, LLC ("**EWV**" or "**Defendant**", and together with Plaintiff, the "**Parties**") for determination of damages, interest and attorneys' fees and costs.

## INTRODUCTION

In its Opinion and Order dated April 13, 2023 this Court granted Plaintiff's motion for summary judgment as to liability with respect to Defendant's default under the settlement agreement dated as of May 7, 2021 (the "**Settlement Agreement**") ((Dkt. No. 34) Ex. 3) and certain outstanding promissory notes (the "**Outstanding Notes**") ((Dkt. No. 34) Ex. 4—26). This Court further directed Plaintiff to submit a motion for summary judgment as to the determination of damages. As also recognized by this Court, the aggregate principal amount due under the Outstanding Notes is $1,171,245.96 (the "**Total Principal Liability**"). ((Dkt. No. 37) at 7). This Court also ruled that Plaintiff is entitled to interest at the Default Rate of 1% per month on amounts not paid when due ((Dkt. No. 37) at 7) and specified that (i) with respect to the third, fourth, and fifth Notes which were due respectively on November 1, 2021, December 1, 2021, and January 1, 2022, interest should run from such dates, and (ii) with respect to the remaining sums, interest should run from January 28, 2022. ((Dkt. No 37) at 7—8).

Finally, this Court also ruled that as provided by Section 10 of the Outstanding Notes, Plaintiff is entitled to "reasonable attorneys' fees and costs" incurred in any action to collect on the Outstanding Notes, ((Dkt. No. 37) at 8) but that because Plaintiff had not submitted any evidence with respect to attorneys' fees or interest, this Court directed

Plaintiff to submit a motion for summary judgment as to damages concerning the amount of interest and attorneys fees by April 27, 2023. ((Dkt. No. 37) at 8).

## HISTORY AND BACKGROUND OF THE ACTION

This Court is respectfully referred to the accompanying Pellegrini declaration for a full discussion of, *inter alia*, the litigation efforts of Plaintiff's legal counsel, the frivolity of Defendant's defenses, Defendant's blatant disregard for this Court's and Plaintiff's time and recourses, and Defendant's breach of its duty to mitigate damages suffered by Plaintiff and Defendant's estate.

## STATEMENT OF MATERIAL FACTS

### The Parties

Plaintiff is a corporation incorporated and existing under the laws of the Republic of Italy, with its registered office located at Strada Provinciale per Castelnuovo Siria, 7/9, 15057 Tortona (AL), Italy ((Dkt. No. 34) (Ex. 31) ¶2).

Defendant is a limited liability company formed and existing under the Limited Liability Company Act of the State of Delaware with its last known office located at 119 Recovery Way, Martinsburg, West Virginia 25405 ((Dkt. No. 14) ¶4). Upon information and belief, the members of Defendant are: (i) Apple Valley Waste Technologies, LLC, a limited liability company formed and existing under the Limited Liability Company Act of the State of Delaware, with its principal place of business in West Virginia; (ii) Entsorga USA Inc., a corporation incorporated under the laws of the State of Delaware with its principal place of business in Illinois; and (iii) Chemtex International Inc., a dissolved (or in dissolution) corporation incorporated under the laws of the State of Delaware with its last known principal place of business located in North Carolina. Upon

information and belief, the sole member of Apple Valley Waste Technologies, LLC is Renovare Environmental, Inc., a corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of New York.

**Defendant's Obligations to Plaintiff Pursuant to the Settlement Agreement and the Notes**

The parties agreed to settle a prior dispute pursuant to the Settlement Agreement for a total amount of $1,001,400.00 (the "**Total Settled Amount**") to be paid by Defendant to Plaintiff in monthly equal installments pursuant to an agreed payment plan set forth in certain promissory notes (collectively with the Last Four Promissory Notes and the Discount Promissory Note, the "**Notes**") and the Settlement Agreement ((Dkt. No. 34) (Ex.3) ¶6.1). Such payment plan set forth in the Settlement Documents required Defendant to pay $41,725.00 per month beginning on September 1, 2021 and continuing on the first day of each month until full payment was made ((Dkt. No. 34) (Ex. 4—26) and (Ex. 3) ¶6.3) (the "**Payment Plan**").

Defendant was represented by counsel during the negotiations and execution of the Settlement Documents ((Dkt. No. 34) (Ex. 3) ¶14.8).

The Parties participated jointly in the drafting of the Settlement Documents and have waived the application of any law, holding or rule of construction providing that ambiguities in an agreement will be construed against the party drafting such agreement or document ((Dkt. No. 34) (Ex. 3) ¶14.8).

Defendants offered extensive representations and warranties regarding the validity of the Settlement Documents ((Dkt. No. 34) (Ex. 3) ¶11).

Pursuant to the Settlement Documents, in case of an Event of Default as defined in the Settlement Agreement ((Dkt. No. 34) (Ex. 3) ¶10.1) or in the Notes ((Dkt. No. 34) (Ex. 4—26) ¶3), Plaintiff has the right to enforce all Notes, including the last four (4) promissory notes forming part of the Payment Plan (the "**Last Four Promissory Notes**").

Similarly, pursuant to the Settlement Documents, in case of an Event of Default as defined in the Notes ((Dkt. No. 34) (Ex. 4—26) ¶3) and in the Settlement Agreement ((Dkt. No. 34) (Ex. 3) ¶10.1), Plaintiff has the right to enforce certain amounts due under the prior dispute amounting to $253,295.96 (the "**Total Discounted Amount**") evidenced by a separate similar promissory note ((Dkt. No. 34) (Ex. 26) issued by Defendant (the "**Discount Promissory Note**").

If an Event of Default occurs, all the Notes then outstanding become immediately due and payable ((Dkt. No. 34) (Ex. 3) ¶10.3(a) and (Ex. 4—26) ¶4(a)).

Defendant has admitted to having validly issued and delivered the Notes to Plaintiff ((Dkt. No. 14) ¶¶8, 9, 10, 11, 16, 17 and 18 and (Dkt. No. 32) ¶¶8, 9, 10, 11, 16, 17 and 18).

Each Note provides that failure to pay when due any principal payment due under such Note shall constitute an Event of Default ((Dkt. No. 34) (Ex. 4—26) ¶3(a)). Each Note also provides that the failure to make any payment when due under any of the Notes then outstanding shall constitute an Event of Default under all of the other Notes ((Dkt. No. 34) (Ex. 4—26) ¶3(b)).

Each Note provides that, upon the occurrence of any Event of Default, Plaintiff may accelerate all amounts due under the Notes and declare all outstanding principal due

under any outstanding Note to be immediately due and payable by the Company ((Dkt. No. 34) (Ex. 4—26) ¶4(a)).

**Defendant's Defaults Under the Notes**

Beginning on November 1, 2021, Defendant has failed to make the payments required under the terms of the Notes ((Dkt. No. 14) ¶14 and (Dkt. No. 32) ¶14), therefore constituting an Event of Default under the Notes and the Settlement Agreement.

Commencing on November 30, 2021 through February 2022, Plaintiff, directly and through its counsel, delivered multiple notices of Event of Default to Defendant including its notice of acceleration of all amounts due under the Notes ((Dkt. No. 34) (Ex. 27—30).

Defendant did not cure any such Event of Default.

Prior to the commencement of this action, Defendant had made two (2) payments to Plaintiff in the amount of $41,725.00 each, representing the amounts due under the first two (2) Notes becoming due on September 1, 2021 and October 1, 2021, which represent in the aggregate the amount of $83,450.00 ((Dkt. No. 34) (Ex. 31) ¶9).

Defendant did not make any further payments to Plaintiff under the Notes after its last payment on October 1, 2021 ((Dkt. No. 34) (Ex. 31) ¶10).

Plaintiff is entitled to recover all costs and expenses (including reasonable attorneys' fees) incurred in any collection action as set forth in the Notes ((Dkt. No. 34) (Ex. 4—26) ¶10) and the Settlement Agreement ((Dkt. No. 34) (Ex. 3) ¶6.5).

In case an Event of Default occurs, Plaintiff is entitled to accelerate all outstanding principal due under all outstanding Notes ((Dkt. No. 34) (Ex. 4—26) ¶4(a)), plus interest on such outstanding amounts at the Default Rate of 1% per month ((Dkt. No.

34) (Ex. 4—26) ¶4(b)), plus all costs and expenses (including reasonable attorneys' fees) incurred in any collection action ((Dkt. No. 34) (Ex. 4—26) ¶10).

Therefore, in case of an Event of Default, the amount to be paid by Defendant to Plaintiff is $1,001,400.00 (the Total Settled Amount), plus $253,295.96 (the Total Discounted Amount), for an aggregate sum of $1,254,695.96 ((Dkt. 34) (Ex.31) ¶15) minus the amount of $83,450.00 already paid by Defendant to Plaintiff prior to the occurrence of the Events of Default, for a total amount $1,171,245.96.

## ARGUMENT

**A.     Plaintiff is Entitled to an Award of the Principal, as well as Interest at the Default Rate**

The aggregate principal amount due under the Outstanding Notes is $1,171,245.96, as it can be determined by adding the principal of the Outstanding Notes. This Court has determined that pursuant to the Settlement Agreement and the Notes, Plaintiff is entitled to payment of the Total Settled Amount of $1,001,400 plus the Total Discounted Amount of $253,295.96 for an aggregate sum of $1,254,695.96 less the amount of $83,450 already paid to Plaintiff prior to the occurrence of the Events of Default, for a total of $1,171,245.96. ((Dkt. No. 37) at 7).

In addition, the Notes provide that if an Event of Default occurs, Plaintiff is entitled to interest on such outstanding amounts at the Default Rate of 1% per month ((Dkt. No. 34 (Ex. 4—26)) ¶4(b)), plus all costs and expenses (including reasonable attorneys' fees) incurred in any collection action ((Dkt. No. 34 (Ex. 4—26)) ¶10). Consistent with this provision, this Court has recognized that Plaintiff is therefore also entitled to an award of interest at the Default Rate of 1% per month on amounts not paid

when due ((Dkt. No 37) at 7) and specified that (i) with respect to the third, fourth, and fifth Notes which were due respectively on November 1, 2021, December 1, 2021, and January 1, 2022, interest runs from those dates, and (ii) with respect to the remaining sums, interest runs from January 28, 2022. ((Dkt. No 37) at 7—8).

Accordingly, Plaintiff requests an award for interest at the Default Rate of 1% per month calculated as follows:

a.      With respect to the Note that was due on November 1, 2021, in the principal amount of $41,725.00, it accrued interest in the amount of $417.25 for each of the months of November and December 2021, and the amount of $376.87 ($417.25 / 31 x 28) for the first 28 days of the month of January 2022, representing an aggregate interest of $1,211.37 through January 28, 2022.

b.      With respect to the Note that was due on December 1, 2021, in the principal amount of $41,725.00, it accrued interest in the amount of $417.25 for the month of December 2021, and the amount of $376.87 ($417.25 / 31 x 28) for the first 28 days of the month of January 2022, representing an aggregate interest of $794.12 through January 28, 2022.

c.      With respect to the Note that was due on January 1, 2022, in the principal amount of $41,725.00, it accrued interest in the amount of $376.87 ($417.25 / 31 x 28) for the first 28 days of the month of January 2022.

d.      With respect to all of the Notes, in the aggregate amount of $1,171,245.96, interest accrued in the amount of $11,712.46 for each month commencing on January 28, 2022 through April 28, 2023 (a total of 15 months), in the aggregate amount of $175,686.9 ($11,712.46 x 15), continuing until payment in full.

The sum of all interest accrued through April 28, 2023 as per the above calculations, is the aggregate amount of $178,069.26 ($1,211.37 + $794.12 + $376.87 + $175,686.9).

**B.    Plaintiff is Entitled to an Award of Attorneys' Fees and Costs**

Pursuant to Section 10 of the Notes, Plaintiff is entitled to "reasonable attorneys' fees and costs" incurred in any action to collect on the Notes. ((Dkt. No. 34) (Ex. 4—26) § 10)). To that effect, this Court ruled that Plaintiff is entitled to "reasonable attorneys' fees and costs" incurred in any action to collect on the Outstanding Notes. ((Dkt. No. 37) at 8).  This Court has discretion in fixing the amount of the award. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008). But "discretion is not unfettered," because "when a prevailing party is entitled to attorney's fees, the district court must abide by the procedural requirements for calculating those fees articulated by [the Second Circuit] and the Supreme Court." *Millea v. Metro-North R.R.*, 658 F.3d 154, 166 (2d Cir. 2011).

In determining a reasonable fee, "[t]he district court must ascertain whether 'the requested rates are in line with those prevailing in the community *for similar services by lawyers of reasonably comparable skill, experience and reputation*.'" *Chambless v. Masters, Mates & Pilots Pension Plan*, 885 F.2d 1053, 1058–59 (2d Cir. 1989) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)) (emphasis in original). "[T]he reasonable hourly rate is the rate a paying client would be willing to pay . . . bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Ortiz v. City of New York*, 843 F. App'x 355, 359 (2d Cir. 2021) (quoting *Lilly v. City of New York*, 934 F.3d 222, 230 (2d Cir. 2019)).

The Court also considers the *Johnson*[1] factors: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

"A district court need not recite and make separate findings as to all twelve *Johnson* factors, provided that it takes each into account in setting the attorneys' fee award." *C.D. v. Minisink Valley Cent. Sch. Dist.*, 2018 WL 3769972, at *4 (S.D.N.Y. Aug. 9, 2018) (quoting *E.F. ex rel. N.R. v. N.Y. City Dep't of Educ.*, 2014 WL 1092847, at * 3 (S.D.N.Y. Mar. 17, 2014)); *see also C.B. v. N.Y. City Dep't of Educ.*, 2019 WL 3162177, at *5 (S.D.N.Y. July 2, 2019) (same). Moreover, the fee award need not be proportionate to the damages award. *Grant v. Martinez*, 973 F.2d 96, 101–02 (2d Cir. 1992).

As this Court has opined, "the 'starting point' in analyzing whether claimed attorneys' fees are appropriate is 'the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case.'" *Morales v. Stalwart Grp. Inc.*, 20-cv-3950 (LJL), 2021 U.S. Dist. LEXIS 160906 at *11; 2021 WL 3774145 (S.D.N.Y., Aug. 24, 2021) (quoting *Millea*, 658 F.3d at 166 (citing cases)). The lodestar method has

---

[1]     *See Johnson v. Georgia Highway Express, Inc.* 488 F.2d 714 (5th Cir. 1974).

"achieved dominance in the federal courts." *Gisbrecht v. Barnhart*, 535 U.S. 789, 801, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002). A lodestar award is "presumptively reasonable." *Lilly v. City of New York*, 934 F.3d 222, 230 (2d Cir. 2019). After determining a reasonable hourly rate, the Court multiplies "that rate by the number of hours reasonably expended to determine the presumptively reasonable fee." *Lilly*, 934 F.3d at 230.

The party seeking attorney's fees must submit sufficient information upon which to assess the application. *M.H. v. New York City Dep't of Educ.*, 20-cv-1923 (LJL), 2021 U.S. Dist. LEXIS 190419 at *21-*22, 2021 WL 4804031 (S.D.N.Y. Oct. 1, 2021) (citations omitted). Attorney's fees and costs are also recoverable for post-trial motions, including the fee application and related litigation. *Angulo v. 36th St. Hospitality LLC*, 19 Civ. 5075 (GBD) (SLC), 2020 U.S. Dist. LEXIS 137816 at *43, 2020 WL 4938188 (S.D.N.Y. July 31, 2020); *see Hines v. City of Albany*, 862 F.3d 215, 223 (2d Cir. 2017). Fee awards that exceed the amount recovered by a plaintiff are common. *See Knox v. John Varvatos Enters.*, 520 F. Supp. 3d 331, 339 (S.D.N.Y. 2021).

Accordingly, Plaintiff respectfully requests a lodestar award.

### (a) Plaintiff is the prevailing party

This Court has ruled in favor of Plaintiff on its motion for summary judgment and in doing so has ruled that Defendant is liable for all amounts due under the Settlement Agreement and the Outstanding Notes, as submitted by Plaintiff. Defendant's conduct in this action is worth being underscored as frivolous and in bad faith. As an example, Defendant enunciated a myriad of defenses in its Answer to the Complaint (Dkt. No. 14); however, Defendant never even attempted to substantiate any one of such defenses.

Defendant did not even answer Plaintiff's basic preliminary interrogatories and never sought to conduct any discovery.

Prior to commencing this action and thereafter, as a dilatory tactic and without any real good faith intent to do so, Plaintiff sought to enter into negotiations with Defendant seeking to settle this action by restructuring Defendant's outstanding liability under the Settlement Agreement and the Outstanding Notes. In order to be able to propose settlement terms, Plaintiff requested financial and operating information from Defendant, yet Defendant never provided any such information. Prior to the commencing of this litigation Defendant changed legal counsel several times, then finally retained legal counsel for its defense, continuing to making every step of the way extremely cumbersome (from the service of summons to failure to respond to interrogatories) for what should have been a straight forward case of enforcement of promissory notes, subsequently dismissed such counsel and never appointed successor legal counsel. As a consequence of such actions, among other things, Defendant defaulted on this case's management plan order.

While these actions may have in some respect facilitated Plaintiff's burden to support its motion for summary judgment, they also underscore Defendant's blatant disregard for this Court's time and resources, as well as Plaintiff's, by allowing this case to proceed and forcing this Court to rule on the motion for summary judgment, instead of Defendant agreeing to a directed or consented judgment. From the outset, Defendant understood its liability and knew that it had no valid defense to dismiss any part of its liability, yet Defendant intentionally and disingenuously chose to initiate a frivolous

defense of which Defendant had no intention of seeing through. Therefore, Defendant breached its duties to mitigate damages and to avoid frivolous litigation.

**(b) The requested hourly rates are reasonable**

In determining a reasonable hourly rate, courts first consider the "prevailing market rate, i.e., the rate prevailing in the relevant community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Makinen v. City of N.Y.*, 11-cv-07535 (ALC) (AJP), 2016 U.S. Dist. LEXIS 49293 at *5, 2016 WL 1451543 (S.D.N.Y. Apr. 12, 2016) (quoting *Farbotko v. Clinton County*, 433 F.3d 204, 208 (2d Cir. 2005)).

The "relevant community" is the District in which the court sits — here, the Southern District of New York. *Id.* A "reasonable hourly rate" is a rate a "client would be willing to pay." *Arbor Hill*, 522 F.3d at 190. "There is a presumption that a reasonable, paying client would in most cases hire counsel from within his district ... ." *Makinen*, 2016 U.S. Dist. LEXIS 49293 at *5 (citing *Arbor Hill*, 522 F.3d at 191). A court should use "'current rather than historic hourly rates'" for the Southern District of New York. *Reiter v. MTA N.Y. City Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006).

Applying these principles, courts in this District have awarded hourly rates between $200 and $600 to prevailing parties in similar cases, whereby $450 is a reasonable rate for a New York City firm partner with 13 years of experience.[2]

---

[2]    *See, e.g., VFS Financing, Inc v. Pioneer Aviation, L.L.C. et al,* No. 08-cv-07655 (GBD) (S.D.N.Y December 14, 2022) (awarding hourly rates ranging from $100 to paralegals to $500 for lead counsel); *Vilkhu v. City of N.Y.*, No. 06-CV-2095, 2009 WL 1851019 at *6, 9 (E.D.N.Y. June 26, 2009) ($450 is a reasonable rate for New York City firm partner with 13 years of experience); *Abdell v. City of New York*, No. 05-CV-8453 (RJS), 2015 U.S. Dist. LEXIS 25510, *10, 2015 *WL* 898974 (S.D.N.Y. Mar. 2, 2015) (awarding hourly rates of $350 to $600 for experienced counsel); *Vista Outdoor, Inc. v. Reeves Family Trust*, 16 Civ. 5766, 2018 U.S. Dist. LEXIS 102224 (S.D.N.Y. May 24, 2018) (finding rates above $1,000 per hour reasonable for partners in large New York City law firms); *Makinen*, 2016 U.S.

In the case at hand, the requested award is in line with precedent and below prevailing rates in the District. As set forth in the accompanying Declaration of Enrico A. Pellegrini, Plaintiff seeks a lodestar award at the following hourly rates: $450 per hour for Mr. Pellegrini, a co-founding partner of Pellegrini & Mendoza LLP, who received his law degree from the University of Turin, Italy in 1995 and his LL.M. masters degree from the University of Chicago School of Law in 1998, has practiced law for 28 years, including in several reputable U.S. and international law firms prior to founding Pellegrini & Mendoza LLP, and was admitted to the bar in New York in 2000; and $450 per hour for Mr. Mendoza, a co-founding partner of Pellegrini & Mendoza LLP, who received his law degree from the Universidad Católica Andrés Bello, Caracas, Venezuela, in 1995 and his LL.M. masters degree from the University of Chicago School of Law in 1998, has practiced law for 28 years, including in several reputable law firms, and was admitted to the bar in New York in 2003. The experience and credentials of the attorneys on Plaintiff's legal team are set forth in an accompanying declaration. (*See* Pellegrini Decl. accompanying this motion for damages ¶¶ 10, 13).

The rates requested are appropriate for the skill and experience of the professionals who represented Plaintiff in this case. In addition to surveying rates awarded to other counsel, "the range of rates that a plaintiff's counsel actually charges their clients ... is obviously strong evidence of what the market will bear." *Villalta v. JS Barkats, P.L.L.C.*, 16-CV-2772 (RA) (RWL), 2021 U.S. Dist. LEXIS 75071, at *57, 2021 WL 2458699 (S.D.N.Y. Apr. 16, 2021). Mr. Pellegrini's and Mr. Mendoza's hourly rate

---

Dist. LEXIS 49293 at *7 ("Consistent precedent in the Southern District reveals that rates awarded to experienced civil rights attorneys over the past ten years have ranged from $250 to $600, and that rates for associates have ranged from $200 to $350, with average awards increasing over time.").

for non-contingency clients is presently $550. (*See* Pellegrini Decl. accompanying this motion for damages ¶ 11). The requested rate of $450 per hour, which was our firm's current rate at the time client retained our firm, is also consistent with similar awards, including this Court's award yielding an effective rate of $585 per hour for an attorney who "described himself as highly skilled." *See Elmrharri v. Marriott Int'l, Inc.*, 20-cv-0325 (LJL), 2020 U.S. Dist. LEXIS 160350 at *3, 2020 WL 5236956 (S.D.N.Y. Sept. 2, 2020) ("Courts have /…/ found hourly rates in the range of $250 to $600 for experienced counsel to be reasonable.").

After accounting for non-billable hours spent in this matter, the effective average rate billed to Plaintiff in this case was $427 ($155,375 / 363.8h). In sum, the hourly rates sought by Plaintiff in this case are reasonable based on the skill and experience of counsel; the rates plaintiff's counsel typically charges clients; prevailing rates in the Southern District of New York; and similar awards in our District.

### (c) The hours expended are reasonable

As directed by this Court "[o]nce a court has determined the appropriate hourly rate, it must also examine whether the number of hours billed was reasonable." *Morales v. Stalwart Grp. Inc.*, 20-cv-3959 (LJL), 2021 U.S. Dist. LEXIS 160906, *11, 2021 WL 3774145 (S.D.N.Y. Aug. 24, 2021). To assist the court with its analysis, "Second Circuit precedent requires a party seeking an award of attorneys' fees to support its request with contemporaneous time records that show 'for each attorney, the date, the hours expended, and the nature of the work done.'" *Barbecho v. Matrat LLC*, No. 15 CV 00170-LTS, 2021 U.S. Dist. LEXIS 163808, *8, 2021 WL 3862662 (S.D.N.Y. Aug. 30, 2021)

(quoting *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983)).

Detailed and contemporaneous records of the work performed in this action are annexed as exhibits to Mr. Pellegrini's declaration. (*See* Pellegrini Decl. accompanying this motion for damages ¶7 & Ex. 1). Those records substantiate the reasonableness of the hours expended on this case, as does the procedural history of the action. All of the work performed by counsel was necessary in order for Plaintiff to be able to assert Defendant's liability under the Settlement Agreement and the Outstanding Notes. However, it was Defendant's conduct that prevented this case from reaching its natural outcome more efficiently and expeditiously. Defendant's conduct in raising frivolous and unsubstantiated defenses and subsequently dismissing its counsel (which counsel sought to remove itself from this action without seeking leave from this court (Dkt. No. 22), is evidence that from the outset Defendant had no doubts about its liability and elected to delay this case in order to further damage Plaintiff and in disrespect to this Court. After initially having raised unsubstantiated defenses, Defendant subsequently failed to even respond to simple and basic interrogatories and did not seek or allow any discovery to the point where Plaintiff even had to spend additional time reviewing the filings of Defendant's controlling member with the U.S. Securities and Exchange Commission to obtain information that would confirm the existence of complete diversity of jurisdiction in this case, a confirmation rightfully requested by this Court.

Importantly, Plaintiff is a non-U.S. based corporation, headquartered in Italy. The nature of cross-border litigation requires additional time and efforts dedicated to bridging the differences in legal systems and practices involved in prosecution of cases such as

this one, and being able to effectively update the Client and allowing same to make informed decisions. Finally, Defendant's precarious financial condition required Plaintiff to spend time and effort in evaluating (and at times, re-evaluating) the consequences of prosecuting this case.

### (d) Summary table

Plaintiff seeks compensation for a total of 363.8 hours of attorney time spent in this matter, broken down as follows:

| Timekeeper | Hourly Rate | Total Hours |
|---|---|---|
| Enrico A. Pellegrini | $450 | 158.3 |
| Luis I. Mendoza, III | $450 | 186.9 |
| Non-Billable hours | $0.00 | 18.6 |
| | **TOTAL:** | **363.8** |

### (e) Plaintiff's costs are reasonable and ordinary

Courts in the Second Circuit have consistently "held that attorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *Tarax v. Blossom West Inc.*, 19-cv-6228, 2022 U.S. Dist. LEXIS 106108, at *7- 8, 2022 WL 2132749 (S.D.N.Y. June 14, 2022) (quoting *U.S. Football League v. National Football League*, 887 F.2d 408, 416 (2d Cir. 1989)). Such costs "may include photocopying, travel, telephone costs, and postage, as well as filing fees and reasonable process server fees." *Morales*, 2021 U.S. Dist. LEXIS 160906, at *12, 2021 WL 3774145 (S.D.N.Y. Aug. 24, 2021).

Plaintiff seeks $543.05 in costs, supported by Mr. Pellegrini's declaration and the annexed detailed invoices and receipts. (Pellegrini Decl. accompanying this motion for damages ¶¶ 24—26 & Ex. 2). These are summarized as follows:

| Cost Category | Total Amount | Reference |
|---|---|---|
| Filing fee | $402.00 | Pellegrini Decl. Ex. 2 |
| Process service | $141.05 | Pellegrini Decl. Ex. 2 |
| **TOTAL:** | **$543.05** | |

The Court should grant Plaintiff's request for $543.05 in compensable costs.

## C.    The Court Should Enter Final Judgment

The Court should enter judgment for the amount of the Total Principal Liability already established by this Court ((Dkt. No. 37) at 7–8  ¶¶ 2-3), plus interest accrued at the Default Rate of 1%, plus attorney's fees and costs awarded for the reasons above, with post-judgment interest running from the date of the judgment.

Post-judgment interest "shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a); *see Mori v. Saito*, No. 10-cv-6465 (KBF), 2014 U.S. Dist. LEXIS 106007, at *10-11, 2014 WL 3812326 (S.D.N.Y. Aug. 1, 2014) ("The Court must award post-judgment interest on any money judgment recovered in a civil case."); *id.* at *12 (awarding statutory post-judgment interest on punitive damages).

Post-judgment interest is "calculated from the date of the entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield ... for the calendar week preceding the date of the judgment," 28 U.S.C. § 1961(a), "computed daily" and "compounded annually," *id.* § 1961(b).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests an award of (1) the amount of $1,171,245.96 on account of Defendant's liability under the aggregate principal amount of the Outstanding Notes, (2) the amount of 178,069.26 on account of accrued Default Interest through April 28, 2023, (3) continuing accrued Default Interest in the amount of $11,712.46 per month (or $390.42 per diem), from April 29, 2023 until judgment is entered against Defendant, (4) the amount of $155,375 in attorney's fees, (5) the amount of $543.05 in costs, and (6) post-judgment interest.

Dated: April 27, 2023
      New York, New York

**PELLEGRINI & MENDOZA LLP**

By:   /s/ Enrico A. Pellegrini
_____
Enrico A. Pellegrini (EP4609)

250 Park Avenue, 7th Floor
New York, New York 10177
(212) 739- 9480
epellegrini@pellmen.com

*Counsel for Plaintiff*