```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
ENTSORGAFIN S.P.A.,                                              :
                                                                 :
                              Plaintiff,                         :
                                                                 :              22-cv-1559 (LJL)
                -v-                                              :
                                                                 :           MEMORANDUM AND
ENTSORGA WEST VIRGINIA, LLC,                                     :                ORDER
                                                                 :
                              Defendant.                         :
                                                                 :
-----------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

      Plaintiff Entsorgafin S.P.A. ("Plaintiff") moves, pursuant to Federal Rule of Civil Procedure 56, for summary judgment as to damages. Dkt. No. 38. The motion is unopposed.

      Familiarity with the prior proceedings in this case is assumed. The complaint in this case alleges the failure of Defendant Entsorga West Virginia, LLC ("Defendant") to comply with the terms of a Settlement Agreement it entered into with Plaintiff to resolve a prior dispute between the parties arising out of a licensing and business services agreement between Plaintiff and Defendant and a supply agreement between a subsidiary of Plaintiff and Defendant. The Settlement Agreement required Defendant to deliver to Plaintiff promissory notes (the "Notes") that would be payable on regular intervals. In the event of a default, Plaintiff had the right to accelerate Defendant's obligations, including to require it to pay immediately the amounts stated under the Notes. Defendant complied with its obligations under the Settlement Agreement initially but it then failed to make the requisite payments beginning on November 1, 2021, and Plaintiff declared an Event of Default. *See generally* Dkt. No. 1.

      On April 13, 2023, the Court granted Plaintiff's unopposed motion for summary judgment as to liability. Dkt. No. 37. Using terms that were defined in the Settlement Agreement (and that the Court explained in its Opinion and Order) the Court held that Plaintiff was entitled to the Total Settled Amount of $1,001,400 plus the Total Discounted Amount of $253,295.96 for an aggregate sum of $1,254,695.96 less the amount of $83,450 already paid to Plaintiff prior to the Events of Default, for a total of $1,171,245.96. Dkt. No. 37 at 7. The Court also held that Plaintiff was entitled to interest at the Default Rate of 1% per month on amounts not paid when due, and to reasonable attorneys' fees incurred in connection with the action to collect on the Notes. *Id.* at 7–8. However, the Court was unable to enter judgment as to damages because Plaintiff failed to submit evidence with respect to attorneys' fees or interest. *Id.* at 8. Accordingly, the Court directed Plaintiff to submit a motion for summary judgment as to damages setting forth the amounts of interest and attorneys' fees and costs to which it believed it was entitled. *Id.* at 8. The Court indicated that if Defendant did not respond to the motion the

Court would consider it to be unopposed. *Id.*

On April 27, 2021, Plaintiff filed this motion for summary judgment as to damages along with a Rule 56.1 statement, the declaration of Enrico A. Pellegrini, counsel's billings records and its records of costs, and a memorandum of law. Dkt. Nos. 38–40. Defendant has not responded.

The Court previously has stated the relevant standards. Dkt. No. 37 at 5–7. Under Federal Rule of Civil Procedure 56, a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'material' for these purposes if it 'might affect the outcome of the suit under the governing law,'" while "[a]n issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Konikoff v. Prudential Ins. Co. of Am.*, 234 F.3d 92, 97 (2d Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In determining whether there are any genuine issues of material fact, the Court must view all facts "in the light most favorable to the non-moving party," *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 69 (2d Cir. 2001), and the movant bears the burden of demonstrating that "no genuine issue of material fact exists," *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002) (citations omitted). If the movant meets its burden, "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008). The standards are identical regardless of whether the non-moving party has submitted an opposition to the motion. A court must "examin[e] the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)). "If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied even if no opposing evidentiary material is presented." *Id.* (citation and emphasis omitted).

"Actions for recovery on a promissory note are appropriately decided by motion for summary judgment." *Camofi Master LDC v. Coll. P'ship, Inc.*, 452 F. Supp. 2d 462, 470 (S.D.N.Y. 2006). "In an action based on notes and guarant[ees], a plaintiff establishes its *prima facie* entitlement to summary judgment by establishing the execution of the agreements at issue and nonpayment thereunder." *United States v. Ceana, Inc.*, 422 F. Supp. 3d 678, 681 (E.D.N.Y. 2016) (quoting *Orix Credit Alliance, Inc. v. Bell Realty, Inc.*, 1995 WL 505891, at *3 (S.D.N.Y. Aug. 23, 1995)). "Once the noteholder has established its *prima facie* case, the defendant's only way to avoid summary judgment is to demonstrate the 'existence of a triable issue of fact in the form of a bona fide defense against the note.'" *Dresser-Rand Co. v. Petroleos de Venez., S.A.*, 439 F. Supp. 3d 270, 273 (S.D.N.Y. 2020) (quoting *Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Keenan*, 2005 WL 736233, at *1 (S.D.N.Y. Mar. 31, 2005)), *aff'd sub nom. Dresser-Rand Co. v. Pdvsa Petroleo, S.A.*, 2021 WL 2878936 (2d Cir. July 9, 2021).

The material facts are supported by the evidence and undisputed. Defendant defaulted and did not cure any Event of Default. Dkt. No. 38-1 ¶¶ 13, 15. Plaintiff is entitled to all outstanding principal due under all outstanding Notes, plus interest on such outstanding amounts

at the Default Rate of 1% per month. *Id.* ¶ 19. It is also entitled to recover all costs and expenses (including reasonable attorneys' fees) incurred in any collection action as set forth in the Notes and the Settlement Agreement. *Id.* ¶ 18. Through April 28, 2023, Plaintiff is entitled to interest in the aggregate amount of $178,069.26. *Id.* ¶ 24(e). Carried forward through October 4, 2023, Plaintiff is entitled to interest in the aggregate amount of $239,276.31.

Plaintiff also has incurred attorneys' fees of $155,375 plus $543.05 in costs. *Id.* ¶ 26. Those fees and costs are reasonable.

Accordingly, Plaintiff is awarded damages in the amount of $1,566,440.32. The Clerk of Court is respectfully directed to prepare a judgment for Plaintiff in that amount, to close Docket Number 38, and to close this case.

SO ORDERED.

Dated: October 4, 2023
      New York, New York

_____
            LEWIS J. LIMAN
          United States District Judge